JjPEATROSS, J.
This appeal arises from a personal injury action by Plaintiff/Appellant, Thomas Sweeney, whose vehicle was struck from behind by a vehicle operated by Lee Carter while in the course and scope of Mr. Carter’s employment with H & W Demolition, Inc. The vehicle Mr. Carter was driving was owned by H & W Demolition, Inc. and was insured through Underwriter’s Insurance Company. Both H & W Demolition Inc. and Underwriter’s Insurance Company were named as defendants along with Mr. Carter (collectively referred to herein as “Defendants/Appellees”).[1] The trial court found that the accident was the sole fault of Mr. Carter and awarded Mr. Sweeney medical expenses in the amount of $5,566; property damage of $3,198; and $12,500 in general damages, for a total award of $21,264. The only issue raised on appeal concerns the amount of the general damage award.[2] Mr. Sweeney has appealed, asserting that the trial court’s $12,500 general damage award is abusively low and Defendants/Appellees answered the appeal, arguing that the award is abusively high. For the reasons set forth herein, we affirm the trial court’s judgment.

FACTS

Following the trial of this matter, the trial court issued written findings of fact and reasons for judgment. After reviewing the record, we | ^conclude that the following factual findings, taken verbatim from the trial court’s written factual findings, are correct and/or unchallenged on appeal:
1) on July 17, 2000, Thomas Sweeney was traveling east on Shreveport-Blanchard Highway when his vehicle was struck from the rear by a vehicle driven by Lee Carter; *828 2) at the time of the accident, Mr. Carter was in the course and scope of his employment with H & W Demolition, Inc. Underwriters Insurance Company had issued a policy of insurance to H & W Demolition, Inc. which provided liability coverage to H & W Demolition, Inc. and Lee Carter for damages incurred by third parties as a result of Mr. Carter’s negligence;
3) following the impact, Mr. Sweeney did not appear to be injured, but a [sic ] shortly after the accident he began to complain of pain in his left knee and back;
4) on June 24, 2000, Mr. Sweeney was seen by Dr. A.R. Ebrahim, a local internist, with complaints of left knee and left elbow pain. On examination, Dr. Ebra-him found no bruising of the knee, but noted complaints of pain during the examination. He found no problem with the left elbow during his examination. Dr. Ebrahim prescribed a course of physical therapy to relieve Mr. Sweeney’s symptoms and heal the soft tissue injuries;
5) on August 22, 2000, Mr. Sweeney returned to Dr. Ebrahim with continued complaints of pain in his knee, lumbar, and left foot. Dr. Ebrahim noted that Mr. Sweeney had not been attending physical therapy, and stated that his failure to do so had delayed the healing process;
6) on September 14, 2000, Mr. Sweeney returned to see Dr. Ebrahim with complaints of left knee pain, but no complaints of back or foot pain. Some swelling of the knee was noted during the examination, and the knee was aspirated;
7) on November 6, 2000, Mr. Sweeney saw Dr. Ebrahim and complained of low back pain, the onset having occurred about five days prior to his visit. Dr. Ebrahim was unable to relate the back pain to the accident which is the subject of this suit. There were no complaints of knee pain on this visit;
|¡¡8) on January 5, 2002 [sic], an MRI was performed on Mr. Sweeney’s back which revealed mild scolioses [sic], a degenerative disc bulge at L4-5, and minimal changes at Ll-2;
9) on April 24, 2001, Mr. Sweeney saw Dr. Austin Gleason, a local orthopedic surgeon for complaints relating to his left knee and back. Dr. Gleason’s examination revealed an increased lordotic curve in the lower back and complaints of pain during the examination. Mr. Sweeney’s knee had some limited range of motion. Dr. Gleason’s impression was that Mr. Sweeney had chronic back syndrome and chronic knee pain;
10) on May 4, 2002 [sic ], an MRI was performed on Mr. Sweeney’s left knee which showed a possible tear of the anterior cruciate ligament. He was given a support and told about the possible need for surgery;
11) on August 3, 2001, Mr. Sweeney saw Dr. Gleason’s partner, Dr. Jones, and reported that his knee was better, but that he was experiencing some numbness in his left foot;
12) on August 21, 2001, Mr. Sweeney saw Dr. Jones with complaints of low back and lower extremity pain. Although treatment options were discussed, including injections, Mr. Sweeney did not have those performed;
13) on August 27, 2001, Mr. Sweeney returned to see Dr. Gleason with complaints of increased back and leg pain. Examination revealed a marked decrease in his range of motion in his back, and Dr. Gleason recommended that another MRI be performed;
14) Mr. Sweeney did not have the MRI or other treatment options performed, *829 and did not return to see Dr. Gleason or his partner after August 27, 2001;
15) Dr. Gleason testified that based upon Mr. Sweeney’s history that he had no prior back or knee problems, he would relate those injuries to the accident on July 17, 2000. However, the evidence at trial revealed that Mr. Sweeney did have a significant prior injury to his knee in December 1999, and that Mr. Sweeney had injured or reinjured his back in November, 2000 after having gone several months without complaining of any back pain;
16) as a result of the accident, Mr. Sweeney incurred the following medical expenses:
|4 Dr. A.R. Ebrahim $1,276.00
Dr. Austin W. Gleason and Lewis Jones 3,509.00
Radiology Imaging Associates 306.00
Dr. David N. Adams 475.00
17)as a result of the accident, Mr. Sweeney’s vehicle was a total loss. The market value of the vehicle on the day of the accident was $3,750.00 and the salvage value was $558.00. Mr. Sweeney is entitled to recover $3,198.00 as his property damage.
Based upon the preceding written findings of fact and the record presented, the trial court concluded that the sole cause of the accident was Mr. Carter’s negligence. With respect to general damages, the trial court concluded:
Based upon the nature and extent of Mr. Sweeney’s soft tissue injuries, the expert medical testimony presented at trial, the course and continuity of Mr. Sweeney’s medical treatment, and Mr. Sweeney’s prior medical history, an appropriate general damage award in this case is $12,500.00.
As previously stated, Mr. Sweeney appealed the trial court’s judgment and Defendants/Appellees answered the appeal.

DISCUSSION

On appeal, Mr. Sweeney argues that the trial court awarded an abusively low amount for general damages because he endured great pain and suffering and his injuries prevented him from taking on more manual labor projects, thereby costing him income he could have earned if he were not limited by recurring physical problems. Mr. Sweeney asserts that the trial court awarded $12,500 in general damages because it found that he had a significant injury to his knee in December 1999, and injured or re-injured his back in November 2000, after having gone several months without complaining of any back pain. Mr. Sweeney asserts, however, that he was |Bno longer seeking treatment for the 1999 injury to his knee and that he had healed from that injury prior to the accident at issue. Further arguing that the defendant takes his victim as he finds him, Mr. Sweeney argues that Defendants/Ap-pellees are responsible for the new injury to his knee, as well as for his lower back injury, and that the trial court abused its discretion by awarding an excessively low amount of general damages based on the fact that Mr. Sweeney had a prior knee injury.
Defendants/Appellees argue on appeal that Mr. Sweeney was not significantly injured by the accident; they note that Mr. Sweeney complained of no injury at the scene and continued to work after the accident. They also note that, while Dr. Gleason testified that, based on Mr. Sweeney’s medical history, the back and knee problems were related to the accident, Dr. Ebrahim, as Mr. Sweeney’s treating physician, testified that he could not relate those problems to the accident because Mr. Sweeney did not complain of back pain until several weeks after the accident. According to Defendants/Appellees, the history given to Dr. Gleason was “obviously incorrect” and Dr. Ebrahim’s testimony *830 should be entitled to greater weight because Dr. Gleason did not treat Mr. Sweeney until nine months after the accident.
Defendants/Appellees assert that the trial court’s award was abusively high, again noting that the treating physician concluded that Mr. Sweeney’s back problems were not related to the accident and that, if, in fact, Mr. Sweeney had sustained an aggravation of a prior knee injury, any such aggravation was minimal and resolved within a short period of time.
hln assessing damages in cases of offenses, quasi offenses and quasi contracts, much discretion must be left to the judge or jury. La. C.C. art. 2324.1. Due to the great discretion given to the trial court, an appellate court rarely disturbs an award of general damages; only when the record clearly shows that the trial court abused its discretion in awarding damages in either direction beyond that which a reasonable trier of fact would assess for the effects of a particular injury on a particular party under the particular circumstances should an appellate court either increase or decrease the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Morris v. Flores, 36,932, 36,933 (La.App.2d Cir.3/7/03), 840 So.2d 1257.
We detect no manifest error in the trial court’s ruling on general damages. Although Mr. Sweeney, as previously noted, argues that the trial court awarded $12,500 in general damages because the court found that he had a significant injury to his knee in December of 1999, and injured or re-injured his back in November 2000 after going several months without complaining of back pain, the trial court’s written findings of fact and reasons for judgment, quoted verbatim above, simply do not read that way. The trial court did state that the evidence at trial revealed that Mr. Sweeney had a “significant prior injury” to his knee in December 1999 and that Mr. Sweeney had injured or re-injured his back in November 2000, after having gone several months without complaining of any back pain; but the trial court did not state how much Mr. Sweeney’s prior injury to his knee may have contributed to his knee problems following the accident, nor did |7the trial court indicate, with reference to assessing general damages for Mr. Sweeney’s back problems, how much weight the trial court may have attributed to the evidence that Mr. Sweeney had injured or re-injured his back in November 2000. Instead, the trial court’s reasons for judgment indicate that the damage assessment was based not only on Mr. Sweeney’s prior medical history, but also on his soft tissue injuries, the expert medical testimony and the course and continuity of his treatment. The trial court was entitled to consider the evidence of other injuries or re-injuries as part of the calculus for determining general damages; and, without some indication from the court as to how much weight the court gave to the various factors considered, we cannot conclude that the trial court’s decision was manifestly erroneous.
For similar reasons, we reject the Defendants/Appellees’ answer requesting a reduction in general damages. Items of evidence cited by Defendants/Ap-pellees, including the facts that Mr. Sweeney did not attend all his physical therapy and that Dr. Ebrahim was unable to relate Mr. Sweeney’s back pain to the accident, do support our decision not to increase general damages, but do not convince us that the trial court was clearly wrong in not awarding less general damages. There is evidence in the record, including expert medical testimony, supporting a factual finding that Mr. Sweeney suffered back and knee injuries as a result of the accident. While there was a conflict in the testimony in this regard, we note that, where such a conflict occurs, reasonable *831 evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even | «though the appellate court may feel that its own evaluations and inferences are as reasonable as the trial court’s. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
We neither find the evidence to so contradict Mr. Sweeney’s testimony, nor find his testimony itself so internally inconsistent or implausible on its face, that the trial court could not have credited his story enough to warrant the general damage award in this case. Accordingly, just as we decline to raise the general damage award, we also decline to lower the award; the record before us does not show manifest error.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs shall be shared equally by Plaintiff/Appellant, Thomas Sweeney, and Defendants/Appel-lees, H & W Demolition, Inc., Lee Carter and Underwriters Insurance Company.
AFFIRMED.

. Geico Casualty Company and Government Employees Insurance Company, incorrectly named in the petition and caption as “Geico Indemnity Company”, was originally a named defendant, but was dismissed without prejudice from the suit via a Joint Motion for Partial Dismissal and Reservation of Rights based on a compromise and settlement.

. In their answer to the appeal, Defendants/Appellees also challenged the apportionment of fault and requested that this court reapportion the fault, allocating a percentage of fault to Mr. Sweeney. This issue was expressly abandoned in Defendants/Appellees' brief.